IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
| Plaintiff, | : | Case No. C2:04-cv-873 |
| v. | : | Judge Sargus |
| ROBERT WARD, | : | Magistrate Judge Abel |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on Plaintiff Directv, Inc.'s December 14, 2004 motion for default judgment against Defendant Robert Ward (doc. 6). Directv, Inc. ("Directv") brings this action pursuant to the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.* A hearing was held on March 11, 2005 regarding Directv's motion for default judgment; Ward did not appear.

Directv requests that this Court award statutory damages of $10,000 for each pirate access device purchased and possessed by Ward, in violation of 18 U.S.C. §§ 2511(1)(a) and 2520(c)(2), and 47 U.S.C. § 605(a). Directv also seeks reasonable attorney's fees and costs.

**I. Facts.**

When a defendant is in default, the factual allegations in the complaint, except for those relating to liability are taken as true. *See* Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d 1998) and Fed. R. Civ. P. 8(d).

1

Directv encrypts its satellite transmissions to prevent unauthorized viewing of its satellite television programming.  Ward purchased, used, and distributed illegally modified Directv access cards and other devices ("pirate access devices").  These devices are used to view Directv programing without Directv's authorization. (Compl., ¶ 27; Sichler Aff., p. 16).  Between April 11, 2002 and April 19, 2002, Ward purchased seven pirate access devices consisting of six bootloaders and one extreme loader.  These devices were purchased in the United States from HCard.org and TestSat.tv.  He used interstate or foreign wire facilities to make these purchases, and they were shipped through the United States Postal Service or commercial mail carriers.  (Compl., ¶ 27).

The pirate access devices are used to intercept Directv's satellite signal.  Ward used the pirate access devices to view Directv's programming without authorization and without making payment to Directv.  (Sichler Aff., p. 16).  He also distributed the pirate access devices to others to assist them in viewing Directv programming without authorization.  (Sichler Aff., p. 16).  The unauthorized viewing continued for at least 24 months, from April 19, 2002 until April 30, 2004.  (Sichler Aff., p. 16).  Directv maintains that they have suffered actual damages but are seeking statutory damages.

**II. Discussion.**

18 U.S.C. § 2511(1)(a) subjects any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" to criminal liability.  18 U.S.C. § 2511(1)(a) also provides for civil relief.

(b) Relief. - - in an action under this section, appropriate relief includes - -

>     (1) such preliminary and other equitable or declaratory relief as may be appropriate;
>     (2) damages under subsection (c) and punitive damages in appropriate cases; and
>     (3) a reasonable attorney's fee and other litigation costs reasonably incurred.
> (c) Computation of damages. . . .
>     (2) In any other action under this section, the court may access as damages whichever is the greater of - -
>     (A) the sum of actual damages suffered by the plaintiff and any profits made by violator as a result of the violation; or
>     (B) statutory damages of whichever is the greater of $100 a day for each day of the violation or $10,000.

18 U.S.C. § 2520(b)- (c).

In *Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir. 1999), the Sixth Circuit set out the framework for awarding statutory damages pursuant to 18 U.S.C. § 2520(c)(2):

> (1) first, the court should determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any;[1]
>
> (2) next, the court should determine the number of days that the statute was violated, and multiply that number by $100;[2]
>
> (3) the court should then, tentatively, award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award;[3]
>
> (4) in the final step, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all.[4]

---

[1] *See* 18 U.S.C. § 2520(c)(2)(B).

[2] *See* 18 U.S.C. § 2520 (c)(2)(B).

[3] S*ee* 18 U.S.C. § 2520(c)(2)(B).

[4] *See* 18 U.S.C. § 2520(c)(2).

3

On similar facts, courts have found that granting $10,000 in damages is excessive. See *DIRECTV, Inc. v. Kaas*, 294 F. Supp. 1044 (N.D. Iowa 2003); *DIRECTV, Inc. v. Malizie, et al.*, No. 03-cv-403S (W.D.N.Y. Mar. 15, 2004); *DIRECTV, Inc. v. Hamilton and Salej*, 215 F.R.D. 460 (S.D.N.Y. May 6, 2003). *But see DIRECTV, Inc. v. Braun*, 2004 WL 288805, at *2 (D. Conn. Feb. 9, 2004). Rather than imposing damages in accordance with 18 U.S.C. § 2520(c), some courts have elected to impose damages under the FCA. See, e.g., *Malizie*, No. 03-cv-403S; *Kaas,* 294 F. Supp. 2d at 1049 (stating that "[t]he court therefore exercises its discretion to award no damages under 18 U.S.C. § 2520(c)(2), and awards DIRECTV the minimum damages of $1,000 under 47 U.S.C. § 605(e)(3)(C)(ii).").

On the other hand, the FCA authorizes courts to award statutory damages of not less than $1,000 but no more than $10,000 for each violation of section 605(a) of the FCA. See 47 U.S.C. § 605(e)(3)(C)(i)(II). A violation of section 605(a) occurs when a person receives or assist another in receiving the unauthorized reception of "radio communications." 47 U.S.C. § 605(a).

Directv concedes that the per diem damages are less than the $10,000 statutory damages authorized by the ECPA. Jaime Sichler is an employee of Directv and works on their anti-piracy efforts. The uncontroverted Sichler affidavit states that Ward purchased seven pirate access devices in violation of the ECPA. (Sichler Aff., pp. 15-16). Therefore, it is within this Court's discretion to award $10,000 statutory damages for each pirate access device for a total of $70,000.

Although a court might find an award of $10,000 per device excessive on these facts, Ward was given an opportunity to appear at a hearing on the motion for default judgment. This gave him the chance to offer evidence demonstrating that an award of $10,000 per device would be excessive. *See* Jan. 18, 2005 Order (doc. 7). As already stated, Ward did not appear.

Directv also asks this court for an award of reasonable attorney's fees and costs as authorized by the ECPA. Wallace's affidavit states that Directv incurred reasonable attorney's fees and costs in the amount of $1,296. (Wallace Aff., ¶ 5).

**III. Conclusion.**

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that Plaintiff Directv, Inc.'s December 14, 2004 motion for default judgment against Defendant Robert Ward (doc. 6) be **GRANTED** and **JUDGMENT** be entered in the amount of $71,296.00.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.

*See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                             <u>/s/ Mark R. Abel</u>
                                             United States Magistrate Judge